IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LISA CRUMP, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:20-CV-3630-E-BK |
| § | |
| DALLAS AREA RAPID TRANSIT, § | |
| DEFENDANT. § | |

## ORDER

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for judicial screening. Before the Court is Plaintiff's Motion to Appoint Counsel. Doc. 6. The motion is **DENIED** without prejudice to Plaintiff's right to present additional facts showing circumstances that establish the Court should exercise its discretion to appoint counsel.

Title VII provides for the appointment of counsel "in such circumstances as the court may deem just . . . ." 42 U.S.C.A. § 2000e-5(f)(1); *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1310 (5th Cir. 1977). In determining whether to appoint counsel, a court considers "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990). No one factor is conclusive. *Id.*

Additionally, a court may appoint counsel to a plaintiff proceeding *in forma pauperis* if the case presents "exceptional circumstances." 28 U.S.C.A. § 1915(e)(1); *see Castro Romero v. Becken*, 256 F.3d 349, 353-354 (5th Cir. 2001) (finding an *in forma pauperis* plaintiff is not entitled to court-appointed counsel as a matter of law); *Ulmer v. Chancellor*, 691 F.2d 209, 212

(5th Cir. 1982) (same). In determining whether a case presents exceptional circumstances, the court may consider the following factors: (1) the type and complexity of the case; (2) whether the indigent plaintiff is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Ulmer*, 691 F.3d at 213; *see also Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).

Here, the motion to appoint counsel is unsupported and conclusory. Plaintiff does not explain her efforts, if any, to obtain counsel. In addition, Plaintiff has not shown that the case presents circumstances warranting the appointment of counsel.

**SO ORDERED** on December 21, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE